<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN D. HORTON, | : |
| | : |
| Plaintiff, | :    Civ. No. 06-6114 (GEB) |
| | : |
| v. | :    **MEMORANDUM OPINION** |
| | : |
| MARIA T. COSME, CITY OF TRENTON, | : |
| | : |
| Defendants. | : |

<u>**BROWN, Chief Judge**</u>

        This matter comes before the court upon the motion of defendants Maria T. Cosme ("Cosme") and the City of Trenton ("Trenton," collectively "Defendants") for summary judgment (Docket No. 17) and the cross motion of *pro se* plaintiff John D. Horton ("Plaintiff") for summary judgment (Docket No. 23). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure 78. For the reasons set forth below, this Court will grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment.

**I.      BACKGROUND**

        In October 2005, Plaintiff was charged with failure to observe a traffic signal. (Compl. at 3; Defs.' SL. Civ. R. 56.1 Statement of Material Facts ("Statement") ¶ 1.) On or around December 14, 2005, Plaintiff was found guilty before Trenton Municipal Court.[1] (Compl. at 3;

_____

[1] Plaintiff contends he was found guilty after a trial. Defendants contend that Plaintiff pled guilty. For reasons discussed below, this difference is of no significance.

56.1 Statement ¶ 1.)  Plaintiff alleges that, upon his request, the monetary fine imposed for his traffic violation was converted into a community service obligation.  (Compl. at 3.)  Plaintiff further alleges that he fulfilled this obligation and that the supervisor of the community service program submitted written documentation of such to the court clerk, defendant Cosme, of the Trenton Municipal Court.  (Id. at 3-4, 8.)  Plaintiff alleges that on December 4, 2006, the Trenton Police Department ("TPD") mailed Plaintiff a "Notice of Warrant for Arrest Issued" for an unanswered traffic summons.  (Compl. at 9.)

The parties agree that Plaintiff has not, at any time, been arrested by TPD officers. (Defs.' Br. at 4; Pl.'s Op. Br. at 2.)

On December 20, 2006, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Cosme, and Trenton had violated his Fifth Amendment rights by "denying him the right to be free from double jeopardy," "attempting to prosecute the plaintiff twice for the same offense," and "attempting to impose multiple punishments against the plaintiff for the same offense." (Compl. at 4-5.)  The Complaint also charges Cosme and Trenton with a number of additional claims that appear to be based on state law.  These additional claims are as follows:

> libel, slander, defamation, invasion of privacy, deprivation of civil rights under color of law, the intentional interference with an employment of business relationship, the intentional infliction of emotional distress, mailing a threatening letter, attempting to extort money and the unlawful conversion of money through force, fear, and threats, attempted false imprisonment and conspiracy to commit all of the foregoing.

(Id. at 5.)  Plaintiff seeks compensatory and punitive damages as well as an order to quash the arrest warrant and to close "all proceedings relating to New Jersey Highway Patrol summons SP2901011." (Id. at 6.)  Plaintiff also seeks injunctive relief barring any New Jersey agency of

2

law enforcement or prosecutorial agency from retaliating against him for filing this case.  (Id.)

On February 22, 2008, Cosme and Trenton moved for summary judgment, seeking dismissal of all claims.  Defendants submitted a Statement of Material Facts pursuant to L. Civ. R. 56.1.  On March 10, 2008, Plaintiff filed an "Objection to the  Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment."  Therein, Plaintiff denied Defendants' allegation that he had pled guilty to the traffic offense, but did not deny any of the other material facts presented in Defendants' 56.1 Statement.  Plaintiff also did not submit any evidence in support of his arguments for summary judgment.  On March 31, 2008, Defendants submitted a response to Plaintiff's cross-motion for summary judgment.

## II.    DISCUSSION

### A.    Standard

Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).  Issues of material fact are genuine only if the evidence presented could allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, all facts must be viewed and all reasonable inferences must be drawn in favor of the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 474 U.S. 574, 587 (1986). However, the nonmoving party "cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact" sufficient to defeat summary judgment.  Pastore v. Bell Tel. Co., 24 F.3d 508, 511 (3d Cir. 1994); see also FED. R. CIV. P. 56(e) (nonmoving party's response must contain specific facts showing that there is a genuine

3

issue for trial).[2]

**B.    Application**

**1.    No Issue of Material Fact**

With one exception, Plaintiff does not deny the material facts set forth in Defendants'

motion for summary judgment.  The Court interprets this as admission of the uncontested facts.

See Hill v. Algor, 85 F. Supp. 2d 391, 408 n. 26 (D.N.J. 2000) ("[u]nder L. Civ. R. 56.1, facts

submitted in the statement of material facts which remain uncontested by the opposing party are

deemed admitted").  Plaintiff does deny Defendants' allegation that he had pled guilty to the

traffic offense committed on October 15, 2005.  (Pl.'s Op. Br. at 1.)  But this does not create a

genuine issue of material fact because the issue of whether Plaintiff pleaded guilty to the traffic

offense is irrelevant to either parties' arguments on summary judgment.

**2.    Defendants are Entitled to Judgment**

*a.    Federal Claims*

Plaintiff's only federal claim is pursuant to 42 U.S.C. § 1983, which provides a cause of

action for the deprivation of rights guaranteed by the Constitution or federal law.  Section 1983

states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the

---

[2] In applying this standard, the Court is mindful of the "well-established principle that a *pro se* prisoner's pleadings should be held to less stringent standards of specificity and their complaints construed liberally."  Lewis v. Attorney General of U.S., 878 F.2d 714, 722 (3d Cir. 1989); but see Day. v. Fed. Bureau of Prisons, 233 Fed. Appx. 132 (3d Cir. 2007) ("We need not, however, credit a *pro se* litigant's bald allegations or legal conclusions") (internal quotations omitted).

4

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Plaintiff claims that Defendants have violated his rights under the Double Jeopardy Clause of the Fifth Amendment.  (Compl. at 4 & n.10; 5 & nn.11, 12.).  Specifically, he argues that these violations arise from Cosme's

refus[al] to accept that 1. a trial took place, 2. an order of the Trenton Municipal Court converted the monetary penalty into a certain number of hours of community service, and 3. that the requisite documentation from the community service establishment was filed by the plaintiff herein with the office of the Trenton Municipal Court clerk in accordance with the order of the Trenton Municipal court.

(Compl. at 4.)  Plaintiff provides a copy of the handwritten document, dated January 18, 2006, from his supervisor at the community service establishment as evidence that he fulfilled his obligation.  (Id. at 8.)  He also provides a copy of the "Notice of Warrant for Arrest Issued" that TPD mailed to him on or around December 5, 2006.  (Id. at 9.)

In this case, the Court needs to only address Defendants' first argument.  Defendants contend that Plaintiff was never actually arrested pursuant to the arrest warrant and therefore has suffered no damages.  (Defs.' Br. at 4.)  Therefore, Defendants asserts that there has been no deprivation of constitutional rights, and consequently, Plaintiff has no cause of action under § 1983.  (Id.)

Plaintiff does not deny his lack of arrest, but states that a lack of "immediately discernable damages does not preclude the finding of liability for a constitutional tort."  (Pls.' Opp. Br. at 2.)  Plaintiff, however, fails to provide any legal authority for this conclusion.  Plaintiff further argues that the injury to his "peace and quietude" and the "constant threat and duress of a wrongful arrest" are injuries which merit monetary compensation.  (Id. at 2-3.)

The Court concludes that Plaintiff is not entitled to recovery under § 1983 because his Fifth Amendment rights have not been violated.  The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense as well as against multiple punishments for the same offense.  United States v. Baird, 63 F.3d 1213, 1215 (3d Cir. 1995).  Yet "jeopardy does not attach and the constitutional prohibition can have no application, until a defendant is put to trial before the trier of the facts, whether the trier is a jury or a judge." Serfass v. United States, 420 U.S. 377, 388 (1975); see also Baird, 63 F.3d at 1218 (jeopardy does not attach until one is made party to a proceeding before a trier of facts who has power to determine guilt).  It is undisputed that Plaintiff has not been arrested pursuant to the arrest warrant, let alone put on trial.  Since jeopardy clearly has not attached in Plaintiff's situation, his federal claims must fail.

### b.   State Law Claims

As discussed above, Plaintiffs also asserts various state law claims.  Pursuant to 28 U.S.C. § 1367(c)(3), a District Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  Such a determination is discretionary and "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction."  Edlin Ltd. v. City of Jersey City,  No. 07-3431 (PGS), 2008 WL 2185901, at *7 (D.N.J. May 23, 2008) (quoting Atkinson v. Olde Economic Fin. Consultants, Ltd., No. 05-772, 2006 WL 2246405 (W.D. Pa. Aug. 4, 2006)); see also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction

over pendent claims for a number of valid reasons") (quoting <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)).  In this case, all of the federal claims are being dismissed at this time and there is no longer any basis for original jurisdiction.  Thus, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claims.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.  An appropriate form of Order accompanies this Opinion.

Dated:  July 7, 2008

      s/ Garrett E. Brown, Jr.      
GARRETT E. BROWN, JR., U.S.D.J.
